Curia, per Dunkin, Chancellor.
The point submitted by this appeal, was very fully considered in Westbrook vs. Harbeson, 2 McC. C. R. 112. The statement in that case *454 was, that “Jane Harbeson, (a married woman,) intended to convey to her son, James, an absolute estate, in fee simple, in the lands; but, owing to the ignorance, or error, of the Justice of the Quorum, before whom she was examined, she relinquished her dower instead of her inheritance.” The bill prayed that her heirs, who were the defendants, might be compelled to release their right to the land. In discussing this question, which was one of those involved in the case, Judge Nott says, “this is a bill to correct a mistake in a deed, so as to give it a more extended operation, than it purports on its, face; or rather, to establish another in its place, carrying a different and larger estate, than the original purports to convey. Its object, therefore, is to violate one of the first and best established rules of evidence, to wit: that parol evidence shall never be admitted to contradict, explain, or vary a written instrument.” The Judge, conceding that there were exceptions to this rule, and some conflicting decisions, proceeds to state, as the result of his examination, that, although, in many cases, parol evidence had been admitted on the part of a defendant, to show a mistake in a deed, in order to resist the interference of this Court, in decreeing a specific performance, he was not aware of any, where it had been admitted, on the part of the complainant, to set up a different deed from the one which Jiad been executed.
The reason of this distinction is explained by Sir Win. Grant, (Master of the Rolls,) in Woollam vs. Hearn, 7 Ves. 211. “By the rule of law,” says he “ independent of the statute, parol evidence cannot be received to contradict a written agreement. To admit it for the purpose of proving, that the written instrument does not contain the real agreement, would be the same as receiving it for every purpose. It was for the purpose of shutting out that inquiry, that the rule of law was adopted; though the written instrument does not contain the terms, it must, in contemplation of law, be taken to contain the agreement; as furnishing better evidence, than any parol can supply. Thus stands the rule of law. But, when equity is called upon to exercise its peculiar jurisdiction, by decreeing a specific performance, the party to be charged is let in to show that, under the circumstances, the plaintiff is not *455 entitled to have the agreement specifically performed; and there are many cases, in which parol evidence, of such circumstances, has been admitted.” After citing some cases, lie proceeds: “But this evidence is offered, not for the purpose of resisting, hut of obtaining a decree : first, to falsify the written agreement; and then, to subsitute, in its place, a parol agreement to be executed by the Court. Thinking as I do, that the statute has been already too much broken in upon, by supposed equitable exceptions, I shall not go further, in receiving and giving effect to parol evidence, than I am forced by precedent. There is no case in which the Court has gone the length now desired.” The Master of the Rolls then comments on some intimations of opinion, by Lord Hardwicke, as reported in Atkyns, which he regards as not irreconcileable with these views. And in Clinan vs. Cooke, 1 Sch. and Lef. 38, Lord Redesdale, referring to these doubts of Lord Hardwicke, says, “there seems to have been some floating idea in the mind of his lordship, that a case might, by possibility, be made in which a plaintiff would be permitted to introduce parol testimony.” “ However” says, Lord Redesdale, “I can find no decision, except the contrary way. The evidence is only used to rebut an equity; the defendant says, “the agreement you seek, is not the agreement I meant to enter intoand then he is let in to prove fraud or mistake.”
The most recent adjudication on this subject, in our Courts, is that of Hinson vs. Cliborn, decided at Columbia, May sitting, 1839. The bill was filed to set aside a bill of sale of a negro, on the alleged ground, that it was only intended as a mortgage. The plaintiff offered to prove, by parol testimony, that the transaction was for a loan and mortgage, and not for a sale. The testimony was rejected by the presiding Chancellor, and the bill dismissed. On an appeal to this Court, the decree was sustained, the Court declaring that it was not deemed wise to add to the exceptions, in which parol testimony has been admitted to contradict, or vary the effect of written instruments. In the case under consideration, the father had executed a deed, which passed an absolute estate, to his daughter. The negroes became the property of her husband, subject to his disposal and liable for his debts. Being subsequent *456 ly seized by tbe Sheriff, this bill is filed by the wife, for the purpose of altering, entirely, the legal effect of the deed, restricting her interest to a “life estate, to her sole and separate use, without the control of her husband, remainder to her children, if she had any at her death, if none, over to the donor’s other children-” It is proposed to accomplish this purpose, by the admission of parol testimony, to show that such was the declared intention of the donor, at the time the deed was executed. In other words, using the language of Sir Win. Grant, the object is first, “to falsify the written agreement; and then to substitute in its place, a parol agreement, to be executed by the Court.” This was the object, to defeat which, the rule of law was established, and the statute of frauds enacted. It was to guard against the consequences of frailty in the human memory and, perhaps, the infirmities of the human heart. Man’s virtue should not be subjected to such strong temptations to fraud and perjury. It may be, as is suggested in the same case, that the written instrument does not contain the real agreement. It was for the purpose of shutting-out that inquiry, that the rule was established. “The written instrument must, in contemplation of law, be taken to contain the terms of the agreement; as furnishing better evidence than any parol can supply.”
It was said, this is a mistake in law, on the part of the scrivener. But this seems a misconception. It is precisely the error of the Justice of the Peace, in Westbrook vs. Harbeson, who took a renunciation of dower, instead of a release of inheritance. It was ignorance of the law, against which it would be very dangerous for this Court to grant such relief, as is here sought. “ Ought this Court,” says Mr. Justice Washington, in Hunt vs. Rousmaniers, 1 Peters 15, “ought this Court to grant the relief, which is asked for, upon the ground of mistake, arising from any ignorance of law 'l We hold the general rule to be, that a mistake of this character, is not a ground for reforming a deed, founded on such mistake.” It is well to remark that, in the case from Peters, the party, intending to procure from his debtor a specific lien on a part of his estate, who was willing to give it, and acting on the advice of counsel, took an instrument, which proved ineffectual for that pur *457 pose. • The Court declined to interefere. In Worrall vs, Jacob, 3 Mer. 256, Mrs. Wilkinson executed a voluntary deed, without reserving a power of revocation. The deed had never been out of her custody, and thinking she might cancel or revoke, and, a fortiori, alter it at her pleasure, she inserted a limitation which, to a certain extent, revoked the appointment. The Master of the Rolls rejected the alteration, saying, “it only shows, that the party mistook the law, and conceived that a deed might be altered, or revoked, though no power of revocation had been reserved.” He accordingly decreed, that the appointment, as it originally stood, should be carried into execution. In this case, it is not suggested, that the scrivener misconceived the donor's intentions. The law presumes, that the instrument executed by him, expresses those intentions ; and that, using technical language, he intended it in a technical sense. Any parol testimony to control the legal effect of the deed was, in the judgment of this Court, inadmissible, and the complainant’s bill should have been dismissed. It is so ordered and decreed.
Griffin & Burt, for the Appellant.
Mr.-, contra.
BENJ. F. DXJNKIN.